NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MICHAEL HUGHES,

Plaintiff - Appellant,

v.

LOUIS DEJOY, Postmaster General, U.S. Postal Service,

Defendant - Appellee.

No. 24-5865

D.C. No.
2:21-cv-00906-RSL

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 10, 2026[**]
Seattle, Washington

Before: PAEZ and BUMATAY, Circuit Judges, and BAGGIO, District Judge.[***]

Michael Hughes appeals the district court's grant of summary judgment in

favor of the U.S. Postal Service ("USPS"). We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Amy M. Baggio, United States District Judge for the District of Oregon, sitting by designation.

§ 1291, and we affirm.

1. The district court appropriately granted summary judgment on Hughes's hostile work environment claims under Title VII, the Americans with Disabilities Act, and the Rehabilitation Act. A hostile work environment claim requires proof that harassment was (1) because of a protected characteristic, and (2) sufficiently severe or pervasive that it altered the conditions of the plaintiff's employment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993). Isolated incidents are actionable only if "extremely serious . . . ." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Hughes relies primarily on (1) his co-worker Brian Warden's repeated insults; (ii) his supervisor Wesley Shimaura's disparaging private emails about Hughes; and (iii) broader hostility toward "light duty" employees. He claims a hostile work environment based on his race and disability.

Hughes fails to show that any severe or pervasive conduct he received was motivated by his race or disabilities. First, Warden's and Shimaura's comments were facially neutral with respect to race and disability. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003). Hughes has not shown that the language used here constituted "code words" or involved "racial overtones . . . ." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1117 (9th Cir. 2004). Second, Warden's comments were motivated by his union-related conflict with Hughes rather than race

or disability. Third, Shimaura's email described Hughes and Warden similarly, countering any claim that Shimaura's comments were based on Hughes's race or disability. Fourth, Hughes only learned of Shimaura's emails after-the-fact in discovery in his administrative case. *See Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1020 (9th Cir. 2018) (discounting evidence when the plaintiff did not "even hear[]" the comments herself). Fifth, nothing indicates that management treated Warden better than Hughes after their physical altercation. Indeed, management issued Warden a notice of removal, while only giving Hughes a seven-day suspension. Sixth, the physical altercation with Warden was a serious incident but it was promptly investigated and disciplined. Management separated the employees, Warden received harsher discipline, and no further incidents occurred between Hughes and Warden. A single physical altercation between coworkers does not automatically establish a hostile work environment unless it is "extremely severe." *Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000). The remaining conduct—verbal disputes, disciplinary actions later rescinded or reduced, scheduling overlap required by the collective bargaining agreement—does not rise to the level of a workplace "permeated with 'discriminatory intimidation . . . .'" *Harris*, 510 U.S. at 21 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986)).

2. The district court also properly granted summary judgment on Hughes's

retaliatory hostile work environment claim. To establish a retaliatory hostile work environment claim, a plaintiff must show (i) involvement in a protected activity; (ii) an adverse employment action; and (iii) a causal link between the two. *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003). Hughes primarily references his conflict with Warden as evidence of harassment, but he fails to establish any causal connection with protected activity. Hughes's conflict with Warden predates his Equal Employment Opportunity Commission ("EEOC") activity and stemmed from union disputes. And Hughes has not shown that actions by other USPS managers were caused by any protected activity.

3. The district court correctly held that it lacked jurisdiction over Hughes's unexhausted claims stemming from his 2020 termination. Federal employees must exhaust administrative remedies. Courts may only consider uncharged acts when they fall within the scope of the EEOC investigation or are "like or reasonably related" to the charged conduct. *See Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)). Hughes's claims related to his 2020 termination occurred years after his 2014 and 2016 EEOC claims and were challenged through the Merit Systems Protection Board. They are thus unexhausted.

**AFFIRMED.**

24-5865